# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### Greenbelt Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. DKC-13-0492 |
| | : | |
| ANDRACOS MARSHALL | : | |
|     Defendant | : | |

## COMBINED MOTION AND MEMORANDUM
## TO SUPPRESS PENNSYLVANIA SEARCH

COMES NOW, Andracos Marshall, through counsel, and hereby moves this Court to suppress the search of the residence located in Drexel Hill, Pennsylvania, on Marshall Road (the "residence") where various items of evidence intended to be used against him were seized. The affidavit for the warrant authorizing the search of that house was so lacking in probable cause as to make it a violation of the Fourth Amendment. (The Affidavit and Warrant will be filed separately and under seal.) The affidavit in support of the warrant failed to demonstrate that Mr. Marshall was associated with the residence. There were no facts to establish probable cause to find that there would be evidence against Mr. Marshall there. All the affidavit established was that the person who lived in that home knew Mr. Marshall and had lent him her automobile on the day he was arrested. Mere association, without more, is all there is and that is nowhere near enough to allow a search of someone's home.

A warrant was obtained to search the home based on the claim that evidence would be obtained at that location against Mr. Marshall. Documents and items were

seized at the residence which the government claims are his and which it intends to introduce against Mr. Marshall at trial. The only facts offered by the agent in the affidavit to establish that Mr. Marshall lived at or used the residence were that (1) when he was arrested he had a car that belonged to someone else and the car's title listed this residence as that of the car's owner; (2) he had been on a flight on some prior occasion as had the person listed as the owner of the vehicle on the title; and (3) the car was parked outside of the residence where it was titled. Mr. Marshall had never been seen with the car's owner or at the residence by law enforcement or anyone else even though there had been surveillance of that home.

These facts, taken all together, failed to establish that the residence was linked to Mr. Marshall or that evidence against him would likely be found there. There was no claim of any criminal activity on the part of the car's owner. Allowing someone to borrow your car does not create probable cause to break into a home and search it even if the person who borrowed the car is charged with a crime. Such an extravagant use of guilt by association has not yet been sanctioned by our legal system. There is nothing in the affidavit but that they know each other; he is charged with a crime and we want to search.

The probable cause standard requires a judicial officer to review the facts and circumstances as a whole and then make an independent, common sense determination whether there is a fair probability that evidence of a crime will be found

at the place to be searched. *United States v. Abramski*, 706 F.3d 307, 318 (4th Cir. 2013) (citing *United States v. Wellman*, 663 F.3d 224, 228 (4th Cir. 2011)). Here, there were facts that Mr. Marshall was charged with a crime, but no facts known to the issuing judicial official which supported any determination that Mr. Marshall was associated with the residence of the owner of the car he had borrowed which would justify invading that home to search it. There would have to be some association or nexus between Mr. Marshall and that residence for there to be any judicial determination that there would likely be evidence of a crime committed by Mr. Marshall found at that location. More than bare bones speculation is required but all there is in this affidavit is just that - bare bones speculation.

The facts established by the affidavit, at most, establish that the owner of the car knew Mr. Marshall, and had let him use their car. The affidavit also shows that surveillance of the home had taken place but had not yielded any sign at all of Mr. Marshall. Demonstrating nothing more than mere association between the owner of the car and Mr. Marshall is not enough to establish probable cause to search the car owner's home. *See Ybarra v. Illinois*, 444 U.S. 85, 91 (1979) ("a person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person. [let alone their home]. . . This requirement [of probable cause] cannot be undercut or avoided by simply pointing to the fact that coincidentally there exists probable cause to search or seize another".)

3

The purpose of the Fourth Amendment is to protect the people from unreasonable intrusions into their privacy by law enforcement. The prohibition on unreasonable searches and seizures is why the Constitution requires that warrants be issued based on facts which establish probable cause to find that what is sought will likely be where law enforcement wants to look. *See Brinegar v. United States*, 338 U.S. 160, 176 (1949) ("long-prevailing standards [of probable cause] seek to safeguard citizens from rash and unreasonable interferences with privacy . . .").

A finding in this case that there was probable cause for the search of the residence based on nothing more than merely showing that the car owner and Mr. Marshall know each other and he borrowed the car one time would expose the public and the most private place, their homes, to searches on demand upon the slightest showing that they have a relationship of some sort or another with someone who has been charged with a crime. Allowing intrusion into the home of every friend, family member, and acquaintance of an accused on the mere existence of the relationship, such as in this case, without anything more, would be a major shift in the historic respect given to the home by the Fourth Amendment. This is not the law. This barren affidavit did not provide facts to establish probable cause to search that residence and that failure is clearly apparent.

WHEREFORE, in consideration of these premises, and such other matters as will become evident at a hearing hereon, which hearing is hereby requested, this Court

is requested to grant this Motion and any such further relief as in the cause is deemed just and proper.

                                                ANDRACOS MARSHALL
                                                By Counsel

_____/S/_____
MARVIN D. MILLER
USDCMD Bar ID 802918
Law Offices of Marvin D. Miller
1203 Duke Street
Alexandria, VA 22314
Phone: (703) 548-5000
Fax: (703) 739-0179
ofc@mdmillerlaw.com

_____/S/_____
Arthur McKinley Reynolds, Jr.
1401 Mercantile Lane Suite 381
Largo MD 20774
301 209 0452
fax 301 209 0458

# CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of June, 2015, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Counsel for the United States:
Deborah A. Johnston, Esq.
Office of the US Attorney
6406 Ivy Lane 8th Floor
Greenbelt MD 20770
301 344 4516
fax 301 344 4516

_____/S/_____
MARVIN D. MILLER