
DAJ/RDM: USAO 2013R00665

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. DKC 13-0492 |
| | * | |
| | * | (Conspiracy to Distribute and |
| ANDRACOS MARSHALL, | * | Possess with Intent to Distribute |
| a/k/a "Draco," | * | Controlled Substances, 21 U.S.C. |
| | * | § 846; Possession with Intent to |
| Defendant | * | Distribute Controlled Substances, |
| | * | 21 U.S.C. § 841; Aiding and Abetting, |
| | * | 18 U.S.C. § 2; Money Laundering |
| | * | Conspiracy, 18 U.S.C. § 1956(h); |
| | * | Forfeiture, 21 U.S.C. § 853, 18 U.S.C. |
| | * | § 982, 28 U.S.C. § 2461(c) |
| | * | |

*******

## SECOND SUPERSEDING INDICTMENT

### COUNT ONE

The Grand Jury for the District of Maryland charges that:

From at least in or about January 2011, through in or about January 2015, in the District of Maryland and elsewhere, the defendant,

**ANDRACOS MARSHALL,**
a/k/a "Draco,"

did knowingly conspire with Ishmael Ford-Bey, Anthony Tatum, and with other persons known and unknown to the Grand Jury to distribute and possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841.

21 U.S.C. § 846

## COUNT TWO

The Grand Jury for the District of Maryland further charges that:

On or about August 17, 2012, in the District of Maryland and elsewhere, the defendant,

**ANDRACOS MARSHALL,**
**a/k/a "Draco,"**

did knowingly, willfully, and unlawfully possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

21 U.S.C. § 841
18 U.S.C. § 2

## COUNT THREE

The Grand Jury for the District of Maryland further charges that:

1. From a time unknown to the Grand Jury but beginning prior to in or about 2011 and continuing until at least in or about September 2013, in the District of Maryland and elsewhere, the defendant,

**ANDRACOS MARSHALL,**
a/k/a "Draco,"

did knowingly conspire with Ishmael Ford-Bey, Anthony Tatum, and with other persons known and unknown to the Grand Jury to conduct and attempt to conduct financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, conspiracy to distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 846, and distribution and possession with intent to distribute controlled substances in violation of Title 21, United States Code, Section 841, as set forth in Counts One and Two of this Second Superseding Indictment and incorporated here by reference, while knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity and

    a. with the intent to promote the carrying on of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i); and

    b. knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

## Manner and Means of the Money Laundering Conspiracy

2. It was part of the conspiracy that defendants and co-conspirators used aliases and false identifications and created and used shell corporations to hold and hide assets, conduct financial transactions, title vehicles, convert assets, hide true ownership and the identity of conspirators, and disguise the nature, source, and control of those assets.

3. It was further part of the conspiracy that defendants and co-conspirators purchased and used financial instruments, including but not limited to money orders and cashiers checks, and transferred funds among accounts at multiple financial institutions to promote the distribution of controlled substances and conceal that funds were derived from drug proceeds.

4. It was further part of the conspiracy that defendants and their conspirators used a third party of a third party's identity to conduct financial transactions.

5. It was further part of the conspiracy that defendants and their conspirators rented storage facilities and apartments that were then used in furtherance of the drug conspiracy.

6. It was further part of the conspiracy that the defendants and their conspirators structured financial transactions between each other and other persons to evade Internal Revenue Service ("IRS") filing requirements for transactions involving more than $10,000 in cash payments in a single transaction, and thereby further conceal from the government large cash transactions by drug dealers.

18 U.S.C. § 1956(h)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. Proc. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 21 U.S.C. § 853, 18 U.S.C. § 924(d), 18, U.S.C. Section § 982(a)(1) and 28 U.S.C. § 2461(c), as a result of the defendant's convictions under the Counts of this Second Superseding Indictment.

### Narcotics Forfeiture

2. Pursuant to Title 21, United States Code, Section 853(a), upon conviction of an offense in violation of the Controlled Substances Act, as alleged in Counts One and Two of this Second Superseding Indictment, the defendant,

**ANDRACOS MARSHALL,**
a/k/a "Draco,"

shall forfeit to the United States of America:

    a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation; and

    b. any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

3. The property to be forfeited includes, but is not limited to, the following:

    a. At least $108,000,000.00, in that such sum in aggregate was furnished or intended to be furnished in exchange for controlled substances and constitutes proceeds traceable to such exchanges and was used or intended to be used to facilitate a violation of the Controlled Substances Act;

    b. $154,120.00 seized on or about January 16, 2015 in Drexel Hill, Pennsylvania; and

c. $59,000.28 seized from National Institutes of Health Federal Credit Union (NIHFCU) account #XXXX8100 (AFTRAK #68150069-01).

### Money Laundering Forfeiture

4. Pursuant to Title 18, United States Code, Section 982(a)(1), and as a result of the offense set forth in Count Three of this Second Superseding Indictment, the defendant,

**ANDRACOS MARSHALL,**
a/k/a "Draco,"

shall forfeit to the United States of America all property, real or personal, involved in such offense, and all property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

a. A sum of money equal to the value of any property involved in the money laundering offense for which the defendant has been convicted, which sum shall be at least $108,000,000.00;

b. All property constituting the subject matter of the money laundering offense for which the defendant has been convicted;

c. All property used to commit or to facilitate the commission of the money laundering offense for which the defendant has been convicted; and

d. All property listed in Paragraph 3(b-c).

### Substitute Assets

5. If, as a result of any act or omission of the defendant, any such property subject to forfeiture:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

6

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

21 U.S.C. § 853
18 U.S.C. § 982
28 U.S.C. § 2461(c)

*/s/ Rod J. Rosenstein*
Rod J. Rosenstein
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Dated: January 4, 2016

7