IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA          :

                            :

   v.          :   Criminal No. DKC 13-0492-3

                            :

ANDRACOS MARSHALL          :

                            :

**MEMORANDUM OPINION AND ORDER**

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2018). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a modification of a prisoner's sentence. See *id.* § 3582(c)(1)(A). Under the First Step Act of 2018, the compassionate release provision was modified to allow prisoners also to seek a sentencing reduction directly from the Court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
> (1) in any case that—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the

> unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> \*   \*   \*
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The defendant argues that his son and his son's mother are in need of help and there are several inmates where he is incarcerated that are infected with the COVID-19 virus. He is "up in age" and "not exempt." He asks to be pardoned so that he can help his family and friends. (ECF No. 524). Mr. Marshall submitted his request to the warden on April 6, 2020, and more than 30 days have elapsed, thus satisfying the administrative exhaustion requirement.

Mr. Marshall is confined at FCI Fort Dix, where, he claims, "there are several cases with people who are infected with the virus here." He provides no other specific reasons to support his request and no evidence. As of June 23, 2020, the Bureau of Prisons website reports 14 inmates have tested positive for COVID-19 at Fort Dix and 28 inmates have recovered. COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited June 23, 2020). Mr. Marshall is serving a 276-month sentence imposed on July 13, 2016, on his convictions for conspiracy to distribute and possess with intent to distribute controlled substances,

2

possession with intent to distribute controlled substances, and money laundering conspiracy.  His current release date is September 17, 2034.

While all share the concern over the public health challenges caused by COVID-19, and appreciate the heightened anxiety experienced by those incarcerated in correctional facilities, the generalized and unspecific reasons stated by Mr. Marshall do not satisfy the standard for compassionate release.  *See, e.g., United States v. Hood*, 2020 WL 2091070 (W.D.N.C. April 30, 2020) ("Without a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility, . . . Defendant has not shown that 'extraordinary and compelling reasons' warrant his release.")  As pointed out by Judge Bell, the BOP has instituted enhanced health and safety regulations to combat the spread of the disease.  See also, *United States v. Humphries*, 2020 WL 2331247 (W.D.N.C. May 11, 2020) ("[T]he mere fact that the Defendant faces a potential risk of contracting COVID-19 is not sufficient to justify his release.  As the Court of Appeals for the Third Circuit recently noted, 'the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.'") (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

Accordingly, the motion for compassionate release (ECF No. 524) BE, and the same hereby IS, DENIED.

June 24, 2020                              /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge